IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ALVIN NELSON, | : |
| Petitioner, | : |
| VS. | :     7 : 11-CV-100 (HL) |
| WILLIAM TERRY, Warden, | : |
| Respondent. | : |

## RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his Lowndes County convictions for felony murder, possession of a firearm during the commission of a crime, aggravated assault, carrying a concealed weapon, and discharging a firearm near a public highway. (Doc. 1). Petitioner was indicted by a Lowndes County grand jury in December 2003 and was convicted on all charges following a jury trial in October 2004. Petitioner's convictions and sentences were affirmed on direct appeal. *Nelson v. State*, 283 Ga. 119, 657 S.E.2d 201 (2008). Petitioner filed a state habeas corpus petition in Macon County in May 2008. Following an evidentiary hearing, the state habeas court denied relief in September 2009. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on May 16, 2011. Petitioner executed this federal habeas Petition on July 28, 2011, and filed an amendment to the Petition on August 31, 2011. (Docs. 1, 6).

## Factual Background

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th

Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings. *Id.* Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Supreme Court of Georgia, said findings are hereby adopted as follows:

> James Rowe, Jr., died on October 19, 2003, as a result of being shot in the chest by appellant Alvin Nelson outside a Valdosta bar . . . The State presented the testimony of the arresting officer who recounted that appellant told him he had shot the victim after the victim had punched him and tried to rob him. The investigating detective testified appellant told him he had agreed to drive several men to the bar in exchange for money and they had entered the bar without paying him. Appellant had followed his passengers into the bar and they exited the bar and argued about payment for the transportation. While appellant and his passengers were outside, the victim approached the crowd and punched appellant, causing appellant to stumble. Appellant righted himself, drew his .32-caliber revolver from his pocket, and shot the victim.
>
> Appellant, a 57-year-old house painter who weighed 165 pounds and is 5'10", testified he fired his weapon because he feared the victim, a 30-year-old man who was 6'2" and weighed 230 pounds, was going to continue to hit him. Two of appellant's passengers testified appellant shot the victim after the unprovoked victim punched appellant while appellant and the witnesses were discussing payment of the fare.

*Nelson*, 283 Ga. 119, 120.

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id*. at 407.  "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

3

court proceeding.@ 28 U.S.C. ' 2254(d).  In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act (AAEDPA@) case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts.  *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. ' 2254(d).

*Ineffective assistance of counsel*

In Ground 1 of the original Petition and Ground 2 of the amended Petition, the Petitioner alleges that his appellate counsel was ineffective in failing to raise as a claim on appeal the alleged ineffectiveness of trial counsel in failing to object to the general and subsequent jury instructions regarding felony murder.   Petitioner raised these claims in his state habeas petition, and they were ruled upon by the state habeas court.

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).  The Petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [] strategy'".  *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment."  *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir.

4

1989).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The Court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

A criminal defendant has a right to counsel on appeal, "limited to the first appeal as of right". *Evitts v. Lucy*, 469 U.S. 387, 394 (1985). However, this right does not encompass a right to compel said counsel to pursue every claim deemed meritorious by the defendant. The Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, [however], that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

The state habeas court found that:

> Petitioner was represented post-trial by Charles Wetherington (hereinafter, "counsel"). Counsel is an experienced criminal defense attorney who has been a member of the Georgia Bar for approximately 20 years. The majority of his practice is devoted to criminal law. Counsel was appointed to represent Petitioner after

5

> Petitioner's trial attorney, Gregory Voyles, had filed a motion for new trial. Counsel filed an amended motion for new trial, and represented Petitioner at a hearing on the motion.
>
> To decide what issues to raise at the motion for new trial stage, counsel met with Petitioner and went over the transcript; he particularly paid attention to the issues Petitioner wanted counsel to raise, specifically some allegations of ineffective assistance of trial counsel, with respect to Mr. Voyle's alleged failure to properly investigate and call certain witnesses. Counsel had Mr. Voyles testify at the motion for new trial, and asked him about his representation. Counsel also spoke with Mr. Voyles, who was very cooperative, before filing the appeal.
>
> On appeal, counsel raised as enumerations of error that trial counsel was ineffective for failing [] to request a directed verdict of acquittal and to request jury charges on voluntary manslaughter and reckless conduct; and that the trial court committed reversible error when it gave an incorrect jury charge on felony murder at the close of the evidence and again in response to a jury question.
>
> Counsel raised the issues on appeal that he thought had the best chance of success. He had initially raised other allegations of ineffective assistance in the motion for new trial, but declined to raise those on appeal after hearing Mr. Voyles' testimony at the motion for new trial.
>
> . . .
>
> Counsel did not raise on appeal that trial counsel was ineffective for failing to preserve this issue [of the trial court's jury instructions on felony murder]. However, the Court finds that Petitioner has not met his burden to show deficient performance on the part of appellate counsel or prejudice. Counsel raised the issues of ineffective assistance of trial counsel that he believed had the greatest chance of success on appeal; moreover, he researched the issue of the jury charge "and attacked it the best way [he] could." Petitioner has not shown that declining to raise this particular allegation of ineffective assistance of trial counsel was an unreasonable decision.
>
> Moreover, Petitioner has not shown prejudice, as there is not a reasonable probability that if appellate counsel had raised ineffective

6

> assistance of trial counsel on this count on appeal, that the outcome of the appeal would have been different. Counsel would have had to meet the high Strickland standard in order to have the convictions and sentences reversed.

(Doc. 1-1, pp. 6-11).

It does not appear, nor has Petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's counsel provided the Petitioner with effective representation. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice Petitioner. The facts as found by the state habeas court evidence counsel's effective representation. The state habeas court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case. Therefore, Petitioner's contention that counsel was ineffective in that he failed to raise on appeal the alleged ineffectiveness of trial counsel in failing to object to jury instructions on felony murder will not support the granting of habeas relief herein.

### *Procedurally defaulted claim*

In Ground 3 of the amended Petition, the Petitioner raises a claim not previously raised in any of his collateral proceedings. Specifically, Petitioner asserts that trial counsel was ineffective in that he failed to timely inform the Petitioner about the State's plea offer before trial. The Respondent submits that this ground is new but procedurally defaulted.

Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition:

7

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise the claim set forth in Ground 3 of the amended Petition in the state proceedings below, rendering the claim procedurally defaulted. As the Respondent points out, the Petitioner did raise a similar but distinct claim below, asserting in his amended motion for new trial that trial counsel had failed to advise Petitioner of the benefit of accepting a plea bargain. However, Petitioner did not raise the alleged failure of trial counsel to timely inform Petitioner of a plea offer from the State, and he has failed to establish either cause or prejudice for

the procedural default of this claim. The Petitioner has not established cause and actual prejudice to excuse the procedural default of this claim, nor has he established a fundamental miscarriage of justice if his claim is not heard.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 28th day of August, 2012.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE